UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

ERIC HAWKINS,

                             Plaintiff,

v.                                                1:18-CV-0554 (WBC)

COMMISSIONER OF SOCIAL SECURITY,

                             Defendant.
_____

APPEARANCES:                                     OF COUNSEL:

LAW OFFICES OF KENNETH HILLER, PLLC     JUSTIN JONES, ESQ.
  Counsel for Plaintiff                             KENNETH HILLER, ESQ.
6000 North Bailey Ave, Ste. 1A
Amherst, NY 14226

U.S. SOCIAL SECURITY ADMIN.               ANNE ZEIGLER, ESQ.
OFFICE OF REG'L GEN. COUNSEL – REGION II  ARIELLA ZOTAN, ESQ.
  Counsel for Defendant                          FRANCIS TANKARD, ESQ.
26 Federal Plaza – Room 3904
New York, NY 10278

William B. Mitchell Carter, U.S. Magistrate Judge,

## MEMORANDUM-DECISION and ORDER

The parties consented, in accordance with a Standing Order, to proceed before the undersigned. (Dkt. No. 15.) The court has jurisdiction over this matter pursuant to 42 U.S.C. § 405(g). The matter is presently before the court on the parties' cross-motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. For the reasons discussed below, Plaintiff's motion is granted, to the extent he seeks remand, and the Commissioner's motion is denied.

**I.      RELEVANT BACKGROUND**

### A. Factual Background

Plaintiff was born in 1968. (T. 59.) He completed the 11th grade. (T. 29.) Generally, Plaintiff's alleged disability consists back and neck injuries. (T. 164.) His alleged disability onset date is February 28, 2015. (T. 59.)

### B. Procedural History

On May 6, 2015, Plaintiff applied for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act. (T. 59.) Plaintiff's application was initially denied, after which he timely requested a hearing before an Administrative Law Judge ("the ALJ"). On September 5, 2017, Plaintiff appeared before the ALJ, Rosanne M. Dummer. (T. 25-53.) On November 3, 2017, ALJ Dummer issued a written decision finding Plaintiff not disabled under the Social Security Act. (T. 6-22.) On March 19, 2018, the Appeals Council ("AC") denied Plaintiff's request for review, rendering the ALJ's decision the final decision of the Commissioner. (T. 1-5.) Thereafter, Plaintiff timely sought judicial review in this Court.

### C. The ALJ's Decision

Generally, in her decision, the ALJ made the following five findings of fact and conclusions of law. (T. 11-19.) First, the ALJ found Plaintiff had not engaged in substantial gainful activity since May 6, 2015. (T. 11.) Second, the ALJ found Plaintiff had the severe impairments of: degenerative disc disease, status-post February 27, 2017 motor vehicle accident, and cervical degenerative disc disease, status-post 2002 anterior cervical fusion with instrumentation. (*Id*.) Third, the ALJ found Plaintiff did not have an impairment that meets or medically equals one of the listed impairments

located in 20 C.F.R. Part 404, Subpart P, Appendix. 1. (T. 12.) Fourth, the ALJ found Plaintiff had the residual functional capacity ("RFC") to perform:

> light work as defined in [20 C.F.R. § 416.967(b)]. [Plaintiff] could lift/carry twenty pounds occasionally and ten pounds frequently; sit about six of eight hours; and stand/walk about six of eight hours. He could occasionally climb ramps/stairs, balance, stoop, kneel, crouch, and crawl. He should avoid concentrated exposure to work hazards (i.e., dangerous moving machinery and unprotected heights). [Plaintiff] could occasionally perform overhead reaching. He should avoid concentrated exposure to extremes of heat/cold.

(*Id.*)[1] Fifth, the ALJ determined Plaintiff had no past relevant work; however, there were jobs that existed in significant numbers in the national economy Plaintiff could perform. (T. 18-19.)

## II. THE PARTIES' BRIEFINGS ON PLAINTIFF'S MOTION

### A. Plaintiff's Arguments

Plaintiff makes one argument in support of his motion for judgment on the pleadings. Plaintiff argues remand is necessary because the ALJ never obtained a medical opinion to properly explain Plaintiff's functional limitations. (Dkt. No. 10 at 10-17.) Plaintiff also filed a reply in which he reiterated his original argument. (Dkt. No. 14.)

### B. Defendant's Arguments

---

[1] Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time. 20 C.F.R. § 416.967(b).

In response, Defendant makes one argument. Defendant argues the ALJ properly developed the record and substantial evidence supported the ALJ's RFC determination. (Dkt. No. 13 at 12-15.)

## III. RELEVANT LEGAL STANDARD

### A. Standard of Review

A court reviewing a denial of disability benefits may not determine de novo whether an individual is disabled. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990). Rather, the Commissioner's determination will only be reversed if the correct legal standards were not applied, or it was not supported by substantial evidence. *See Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987) ("Where there is a reasonable basis for doubt whether the ALJ applied correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be deprived of the right to have her disability determination made according to the correct legal principles."); *Grey v. Heckler*, 721 F.2d 41, 46 (2d Cir. 1983); *Marcus v. Califano*, 615 F.2d 23, 27 (2d Cir. 1979).

"Substantial evidence" is evidence that amounts to "more than a mere scintilla," and has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427 (1971). Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. *See Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

"To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." *Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988).

If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." *Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992). In other words, this Court must afford the Commissioner's determination considerable deference, and may not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a de novo review." *Valente v. Sec'y of Health & Human Servs.*, 733 F.2d 1037, 1041 (2d Cir. 1984).

### B. Standard to Determine Disability

The Commissioner has established a five-step evaluation process to determine whether an individual is disabled as defined by the Social Security Act. *See* 20 C.F.R. § 416.920. The Supreme Court has recognized the validity of this sequential evaluation process. *See Bowen v. Yuckert*, 482 U.S. 137, 140-42, 107 S. Ct. 2287 (1987). The five-step process is as follows:

> (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment or combination of impairments; (3) whether the impairment meets or equals the severity of the specified impairments in the Listing of Impairments; (4) based on a 'residual functional capacity' assessment, whether the claimant can perform any of his or her past relevant work despite the impairment; and (5) whether there are significant numbers of jobs in the national economy that the claimant can perform given the claimant's residual functional capacity, age, education, and work experience.

5

*McIntyre v. Colvin,* 758 F.3d 146, 150 (2d Cir. 2014).

## IV. ANALYSIS

The RFC is an assessment of "the most [Plaintiff] can still do despite [his] limitations." 20 C.F.R. § 416.945(a)(1)[2]. The ALJ is responsible for assessing Plaintiff's RFC based on a review of relevant medical and non-medical evidence, including any statement about what Plaintiff can still do, provided by any medical sources. *Id*. §§ 416.927(d), 416.945(a)(3), 416.946(c). Although the ALJ has the responsibility to determine the RFC based on all the evidence in the record, the burden is on Plaintiff to demonstrate functional limitations that preclude any substantial gainful activity. *Id*. §§ 416.912(c), 416.927(e)(2), 416.945(a), 416.946(c).

Here, the record consists of medical treatment notations from the New York State Department of Correctional Services dated June 2006 through February 2015; treatment notations from ECMC/Cleve-Hill Family Medical Center dated April 21, 2015; physical therapy progress notes from March through June 2017; treatment notations from Michael Calabrese, M.D. with Medical Care of Western New York dated March through May 2017; and treatment notations from Cameron Huckell, M.D. with Pinnacle Orthopedic and Spine dated 2002, 2004, 2010, and 2011. (T. 193-384.) The record also contains Plaintiff's hearing testimony during which he was accompanied by counsel. (T. 27-53.) The record was held open for additional records; however, no additional records were received because the facility did not have treatment records for Plaintiff. (T. 385.) The record contains statements that Plaintiff was "disabled,"

---

[2] Effective March 27, 2017, many of the regulations cited herein have been amended, as have Social Security Rulings ("SSRs"). Nonetheless, because Plaintiff's social security application was filed before the new regulations and SSRs went into effect, the court reviews the ALJ's decision under the earlier regulations and SSRs.

6

"temporarily disabled," or "unable to perform gainful employment." (*See* T. 282, 347.) However, the ultimate finding of whether Plaintiff was disabled and cannot work is "reserved to the Commissioner." 20 C.F.R. § 404.1527(d).

The ALJ summarized the medical evidence in the record and Plaintiff's testimony. (T. 12-17.) The ALJ concluded that the RFC was "based on a totality of the evidence." (T. 17.) The ALJ stated the RFC "considers [Plaintiff's] degenerative disc disease of the lumbar, thoracic, and cervical spine, in addition to his history of cervical fusion [and] is consistent with reported activities, and ongoing conservative care." (*Id.*)

Plaintiff asserts "without a medical opinion, the ALJ improperly relied on raw medical data to make an RFC finding." (Dkt. No. 10 at 10.) Defendant argues, and Plaintiff concedes in his reply, an ALJ may properly assess a Plaintiff's RFC absent a medical source statement. (Dkt. No. 13 at 12; Dkt. No. 14.) However, Plaintiff argues the evidence before the ALJ was not sufficient for the her to assess an RFC. (Dkt. No. 14.)

To be sure, an ALJ's RFC determination is not fatally flawed merely because it was formulated absent a medical opinion. Where the record contains sufficient evidence from which an ALJ can assess Plaintiff's RFC, a medical source statement or formal medical opinion is not necessarily required. *Monroe v. Comm'r of Soc. Sec.*, 676 F. App'x 5, 8 (2d Cir. 2017); *see Tankisi v. Comm'r of Soc. Sec.*, 521 F. App'x 29, 34 (2d Cir. 2013) (remand not required to obtain a treating source opinion where the record contained sufficient evidence form which the ALJ could assess plaintiff's RFC). In assessing plaintiff's RFC in *Monroe*, the ALJ relied on a treating source's "years' worth of treatment notes" which provided descriptions of the plaintiff's symptoms, objective

7

medical assessments, and notes relating to the plaintiff's social activities. *Monroe,* 676 F. App'x at 8. In *Tankisi* the medical record was "quite extensive" and although it did not contain a formal opinion of the plaintiff's RFC, it did include an assessment of the plaintiff's limitations by a treating source, voluminous medical records, and opinions from consultative physicians. *Tankisi,* 521 F. App'x at 34.

Here, the record alone did not contain sufficient information from which the ALJ could support his RFC determination. *Guillen v. Berryhill*, 697 F. App'x. 107, 108-109 (2d Cir. 2017) ("[T]he medical records obtained by the ALJ do not shed any light on Guillen's residual functional capacity" and medical records merely indicate her diagnoses and symptoms but they "offer no insight into how her impairments affect or do not affect her ability to work, or her ability to undertake her activities of everyday life").

The record is not insufficient because it lacks a functional medical assessment of Plaintiff's work-related abilities. The record is insufficient because, as outlined above, the record contained no useful information. The medical record here, as in *Guillen*, discussed Plaintiff's impairments and treatment, but "offer[ed] no insight into how [his] impairments affect or do not affect [his] ability to work, or [his] ability to undertake [his] activities of everyday life." *Guillen*, 697 F. App'x at 109.

Therefore, remand is necessary for a proper RFC analysis and determination. On remand the ALJ may find it prudent to order a consultative examine. Such exam may be beneficial where, as here, "the evidence as a whole is insufficient to allow [the ALJ] to make a determination." 20 C.F.R. § 404.1519a(b).

**ACCORDINGLY**, it is

**ORDERED** that Plaintiff's motion for judgment on the pleadings (Dkt. No. 10) is **GRANTED**; and it is further

**ORDERED** that Defendant's motion for judgment on the pleadings (Dkt. No. 13) is **DENIED**; and it is further

**ORDERED** that this matter is **REMANDED** to Defendant, pursuant to 42 U.S.C. § 405(g), for further proceedings consistent with this Decision and Order.

Dated: September 3, 2019

_William B. Mitchell Carter_
William B. Mitchell Carter
U.S. Magistrate Judge